IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JANET WILES )
) No. 1-11-0051
v. )
)
MARSHALL COUNTY BOARD OF )
EDUCATION )

MEMORANDUM

The defendant filed a motion to dismiss the plaintiff's claims under the Tennessee Human Rights Act, and the Tennessee Public Protection Act, her claim for common law retaliatory discharge, and her claim for punitive damages (Docket Entry No. 7), to which the plaintiff responded in opposition to the extent that the defendant sought to dismiss her state law claims as time-barred (Docket Entry No. 13).

As addressed at the September 7, 2011, initial case management conference, the plaintiff's motion to dismiss was granted.

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all well-pled allegations contained in the complaint. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007); Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, 463 F.3d 478, 487 (6th Cir. 2006). See also Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Performance Contracting, Inc., v. Seaboard Sur. Co., 163 F.3d 366, 369 (6th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bovee v. Coopers &

Lybrand, C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). See also Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

Thus the factual allegations in a complaint must be enough to show a plausible right to relief "above the speculative level." Twombly, 550 U.S. at 555. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581-82 (6th Cir. 2007); Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Pleading facts that are "'merely consistent with' a defendant's liability" or facts that do not "permit the court to infer more than the mere possibility of misconduct" is not sufficient. Iqbal, 129 S.Ct. at 1949-50 (citing Twombly, 550 U.S. at 557). The factual allegations, taken to be true, "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Lambert v. Hartmann, 517 F.3d 433, 439 (6th Cir. 2008), cert. denied, _ U.S. _, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (emphasis in original), quoting League of United Latin Am. Citizens, 500 F.2d at 528, quoting Twombly, 550 U.S. at 555.

The plaintiff did not respond in opposition to the portion of the defendant's motion seeking dismissal of her claim for punitive damages and plaintiff's counsel confirmed at the initial case management conference that she did not oppose that portion of the defendant's motion. Therefore, the plaintiff's claim for punitive damages will be dismissed.

The plaintiff agrees that a one year statute of limitations applies to her state law claims. Docket Entry No. 15, at 2. However, the plaintiff opposed the motion to dismiss her state law claims, arguing that the date on which she was terminated from her employment was the date on which she received "unequivocal notice that she would no longer be employed by the Defendant." Docket Entry No. 15, at 1. While there might have been a material dispute had the plaintiff not

resigned and had she remained employed until June 30, 2010, the effective date of the abolition of her position, it is undisputed that she resigned on May 18, 2010. See Docket Entry No. 1-1. It is not clear from the complaint whether the plaintiff tendered her resignation to be effective at a later date and/or whether she remained employed after May 18, 2010.[1] However, the answer to that question is immaterial. There is no plausible way that the plaintiff can maintain that she was terminated from her employment after the date she resigned. This lawsuit was filed on June 29, 2011, over one year from the date of her resignation. Therefore, her state claims are time-barred.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] The plaintiff did not address the impact of her May 18, 2010, resignation in her response to the motion to dismiss.